# Exhibit A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| CITY OF JACKSONVILLE, FLORIDA and JEA,<br><br>       Plaintiffs,<br><br>v.<br><br>MUNICIPAL ELECTRIC AUTHORITY OF GEORGIA,<br><br>       Defendant. | Case No.: 3:18-cv-01174-BDJ-JRK |

## SURREPLY DECLARATION OF NEIL WOLK

NEIL WOLK declares the following to be true:

1. I am a Partner at the law firm of Orrick, Herrington & Sutcliffe LLP ("Orrick"), which represents Defendant Municipal Electric Authority of Georgia ("MEAG") in this action. I submit this Surreply Declaration in further support of MEAG's Opposition to JEA's Motion to Disqualify Orrick as Counsel for MEAG.

2. JEA's Reply Memorandum in support of its Motion ("Reply") alleges that "JEA is in possession of communications indicating that [JEA] even asked Orrick to sign the [2008 bond validation] Answer on behalf of JEA, but Orrick did not have a Georgia-licensed attorney to do so." Dkt. 80 at 3. To the contrary, JEA never asked me, and to the best of my recollection never asked anyone else at Orrick, to sign JEA's answer in the 2008 bond validation proceeding. Such a request would have come to me, or to my partner Carl Lyon, in which case I would have been apprised of it. Regardless, even if JEA had made such a request, Orrick would not have signed the answer on JEA's behalf because, as JEA was aware, Orrick represented MEAG with respect to Plant Vogtle.

1

3. In reviewing my correspondence with JEA from that time period, I identified no document that would corroborate the statements in JEA's Reply that such a request was made.

4. JEA's Reply also alleges that over the course of Orrick's former representation of JEA, I (and my partner, Carl Lyon) "advise[d] JEA on the scope of its authority to enter into transactions and incur debt" (Reply at 1), "analyz[ed] the scope of [JEA's] authority under Florida law to enter into other power transactions and financing arrangements" (Reply at 4), and have "intimate knowledge of JEA's governance and structure" (Reply at 7). However, Orrick never advised JEA on its authority to enter into the PPA or any Plant Vogtle transactions. Indeed, Orrick at no time obtained any confidential, attorney-client privileged, or any other non-public information in any way relevant to this case regarding JEA's authority to enter into transactions or incur debt, or about JEA's governance or structure.

5. Orrick does not possess "confidential," non-public, or privileged information concerning the issues of JEA's "authority to enter transactions," or JEA's "governance and structure" because JEA's authority, as well as its "governance and structure," are entirely dictated and governed by JEA's Charter, which is a matter of public record, and by Florida statutory and case law.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of May, 2019.

_____
NEIL WOLK