IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CITY OF JACKSONVILLE, FLORIDA, a Florida municipal corporation, and JEA, a body politic and corporate,<br><br>　　Plaintiffs,<br><br>v.<br><br>MUNICIPAL ELECTRIC AUTHORITY OF GEORGIA, a public body corporate and politic of the State of Georgia,<br><br>　　Defendant. | CIVIL ACTION FILE<br><br>NO. 1:19-CV-3234-MHC |

## ORDER

This case comes before the Court on Defendant Municipal Electric Authority of Georgia ("MEAG")'s Motion to File a Motion for Judgment on the Pleadings Under Federal Rule of Civil Procedure 12(c) ("Motion for Leave") [Doc. 171] and Plaintiff JEA's Motion for Leave to File Motion for Summary Judgment under Rule 56 [Doc. 189].

I.  **BACKGROUND**

On November 15, 2019, following a telephone conference with the parties, the Court ordered the parties to submit a revised joint scheduling order and litigation report by December 15, 2019. Nov. 15, 2019, Order [Doc. 197] at 1. The parties did not do so. Instead, Plaintiffs filed their Revised Proposed Scheduling Order and Litigation Report ("Pls.' Resp.") [Doc. 203], and Defendant filed its Revised Proposed Scheduling Order and Litigation Report [Doc. 204]. It appears from the parties' reports that they are unable to reach agreement on a revised schedule for this case or, for that matter, even to a set of stipulated facts when it appears to the Court that a number of facts in this case are undisputed. Because the parties have failed to reach any consensus, despite this Court's urging that they endeavor to do so, the Court will determine how this case will progress.

Plaintiffs' Amended Complaint seeks a declaratory judgment that the Amended and Restated Power Purchase Agreement ("PPA") [Doc. 22-1] between JEA and Defendant Municipal Electric Authority of Georgia ("MEAG") violates Florida's constitution, laws, and public policy and is therefore *ultra vires*, void *ab initio*, and unenforceable. See Am. Compl. [Doc. 22] at 1. In its counterclaim, MEAG (1) seeks a declaratory judgment that the PPA is enforceable, and (2) asserts a claim for breach of contract against JEA. See Def.'s Answer and

Countercl. to Pl.'s Am. Compl. ("MEAG's Answer and Countercl.") [Doc. 109] at 77-85. In the event that the Court finds that the PPA is enforceable, JEA asserts an alternative counterclaim for negligent performance of undertaking.[1] JEA's Answer and Defenses to Countercl. of Mun. Elec. Auth. of Ga. and Alternative Countercls. of JEA against Mun. Elec. Auth. of Ga. ("JEA's Alternative Countercls.") [Doc. 126] at 29, 36-39.

## II. DISCUSSION

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." FED. R. CIV. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998) (citing FED. R. CIV. P. 12(c)); see also Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002). Pursuant to the Local Rules of this Court, a motion for judgment on the pleadings "must be filed within thirty (30) days after

---

[1] On November 25, 2019, the Court dismissed JEA's other alternative counterclaims for breach of fiduciary duty and failure to perform in good faith. Nov. 25, 2019, Order [Doc. 198] at 29-30.

the beginning of discovery unless the filing party has obtained prior permission of the Court to file later." LR 7.1(A)(2), NDGa.

MEAG seeks the Court's permission to file a motion for judgment on the pleadings since, as of the date it filed its Motion for Leave on November 1, 2019, it has already been more than thirty days after the beginning of discovery. See Mot. for Leave ¶¶ 1, 3. JEA opposes the Motion for Leave, contending that (1) it is premature because the pleadings are not closed, (2) it will rely on evidence outside the pleadings, and (3) the issues raised "will be more appropriately addressed on summary judgment and JEA is immediately prepared to file a Motion for Summary Judgment in this case." JEA's Mem. in Opp'n to MEAG's Mot. for Leave to File a Mot. for J. on the Pleadings Under Fed. R. Civ. P. 12(c) ("Opp'n") [Doc. 188] at 1. The Court considers JEA's arguments *seriatim*.

JEA contends that the pleadings are not closed because MEAG has not yet answered JEA's alterative counterclaim. Id. at 3. A district court may not grant a Rule 12(c) motion before the pleadings are closed. See Lillian B. ex rel. Brown v. Gwinnett Cty. Sch. Dist., 631 F. App'x 851, 852 (11th Cir. 2015). "[R]ule [7(a)]'s express provision for an answer to a counterclaim anticipates that the pleadings do not 'close' until an answer has been filed by the counter-defendant (unless the court orders a reply to the answer)." Perez v. Wells Fargo N.A., 774 F.3d 1329,

4

1336 (11th Cir. 2014) (citations omitted). Although MEAG had not answered JEA's Alternative Counterclaim at the time the Motion for Leave was filed, it did so on December 9, 2019. See MEAG's Answer and Defenses to JEA's Alternative Countercl. Against MEAG [Doc. 199]. Thus, there is no longer a viable argument that a motion for judgment on the pleadings cannot be granted because the pleadings have closed.[2] See Perez, 774 F.3d at 1336; FED. R. CIV. P. 12(c).

JEA next contends that MEAG's motion for judgment on the pleadings will require consideration of evidence outside the pleadings. Opp'n at 5. "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). However, "if an attachment to [a pleading] is a 'written instrument,' it is part of the pleadings and can be considered on a Rule 12(c) motion for judgment on the pleadings without the motion being converted to one for summary judgment." Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) (quoting FED. R. CIV. P. 10(c)) (citations omitted). The

---

[2] Whether, as JEA contends, all pleadings must be closed, or, as MEAG contends, only "all applicable, extant pleadings" must be closed, is irrelevant because as of December 9, 2019, all the pleadings in this case were closed. See Opp'n at 3-5; MEAG's Reply in Supp. of Mot. for Leave to File Mot. for J. on the Pleadings ("Reply") [Doc. 194] at 2, 3-5.

incorporation by reference doctrine also applies to Rule 12(c) motions; that is, "a document attached to a motion [for judgment on the pleadings] may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." Id. at 1134 (citing Harris v. Ivax Corp., 182 F.3d 799, 802 n.2 (11th Cir. 1999)). "'Undisputed' in this context means that the authenticity of the document is not challenged." Id. at 1134 (citations omitted). Furthermore, a court may take judicial notice of public records, including court filings. See, e.g., Universal Express, Inc. v. United States Sec. and Exch. Comm'n, 177 F. App'x 52, 53 (11th Cir. 2006) (citing Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999)); Tuscano v. Evening Journal Ass'n, 179 F. App'x 621, 623 n.3 (11th Cir. 2006) (citing Young v. City of Augusta, Through DeVaney, 59 F.3d 1160, 1166 n.11 (11th Cir. 1995)).

MEAG's motion for judgment on the pleadings "is premised on the argument that a Georgia state court has already held that the PPA is valid and enforceable." Mot. for Leave ¶ 5. MEAG intends to rely on (1) the Amended Complaint, (2) the PPA, which is attached to the Amended Complaint, and (3) "documents from state court validation proceedings." Reply at 5. Because the PPA is attached to the Amended Complaint and its authenticity is not challenged,

6

considering the PPA would not convert a motion for judgment on the pleadings into a motion for summary judgment. See Horsley, 304 F.3d at 1134. Because the Court may take judicial notice of court documents in state court cases, considering the documents from state court validation proceedings would also not convert a motion for judgment on the pleadings into a motion for summary judgment. See Lozman v. City of Riviera Beach, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013) (citations omitted) ("Although this matter is before the court on a motion to dismiss, we may take judicial notice of the court documents from the state eviction action.").

JEA contends that the state court documents are not incorporated by reference because these documents "are not referenced in Plaintiffs' Amended Complaint." Opp'n at 7. However, Plaintiffs' Amended Complaint, MEAG's Answer and Counterclaim, and JEA's Alternative Counterclaim reference the bond validation proceedings. See Am. Compl. ¶ 32 ("MEAG authorized and validated approximately $6 billion of revenue bonds . . . ."); MEAG's Answer and Countercl. ¶¶ 27-28 (describing the bond proceedings and their alleged preclusive effect in detail); JEA's Alternative Countercl. ¶ 28 ("JEA admits that it was named in the validation proceedings, the record of which speaks for itself as to form, content and legal effect.").

7

JEA further contends that this Court cannot take judicial notice of the state court documents because those proceedings are not at the heart of Plaintiffs' claim. See Opp'n at 8. However, courts in this district, and other districts within the Eleventh Circuit, previously have considered documents from other courts when evaluating a motion to dismiss based on *res judicata* and collateral estoppel. See, e.g., Price v. MERSCORP Holdings, Inc., No. 1:17-cv-02399-SCJ-RGV, 2018 WL 4850118, at *2 n.4 (N.D. Ga. July 2, 2018) (citations omitted), report and recommendation adopted, Price v. Bank of Am., N.A., 2018 WL 4850116 (N.D. Ga. July 31, 2018); Annen v. Bank of Am., No. 1:16-cv-00641-SCJ-AJB, 2016 WL 11569314, at *2 (N.D. Ga. Nov 25, 2016) (citations omitted), report and recommendation adopted, 2016 WL 11569313 (N.D. Ga. Dec. 19, 2016); Stephens v. State Farm Fire and Cas. Co., No. 1:03-CV-3094-JTC, 2004 WL 5546250, at *2 (N.D. Ga. June 23, 2004) (citations omitted), aff'd, 149 F. App'x 908 (11th Cir. 2005); Haddad v. Dudek, 784 F. Supp. 2d 1308, 1324 (M.D. Fla. 2011); see also Horne v. Potter, 392 F. App'x 800, 801-02 (11th Cir. 2010) (citations omitted) (affirming the district court's granting a motion to dismiss based on *res judicata* where the district court took judicial notice of documents in a prior court case). Courts may similarly take judicial notice of state court documents without converting a motion for judgment on the pleadings into a motion for summary

judgment. See King v. Akima Global Servs., LLC, 775 F. App'x 617, 621 (11th Cir. 2019) (stating that it was appropriate for the district court to take judicial notice of certain facts when considering a motion for judgment on the pleadings); Cunningham v. Dist. Attorney's Office for Escambia Cty., 592 F.3d 1237, 1255 (11th Cir. 2010) (taking judicial notice of state and federal court proceedings when considering motion for judgment on the pleadings). Thus, it does not appear that MEAG's motion for judgment on the pleadings will require the Court to consider evidence outside the pleadings such that the motion must be converted into one for summary judgment.

JEA also contends that the issues that MEAG intends to raise in its motion for judgment on the pleadings are more appropriately resolved on summary judgment.³ Opp'n at 9. The Court disagrees. JEA seeks a declaration that the PPA violates Florida's constitution, laws, and public policy and is therefore *ultra vires*, void *ab initio*, and unenforceable. See Am. Compl. at 1. Whether the PPA is valid and enforceable is the principal issue in this case. A resolution of MEAG's

---

³ To that end, JEA requests leave to immediately file a motion for summary judgment. See Mot. for Leave to File Mot. for Summ. J. Under Rule 56 [Doc. 189] ¶¶ 1, 4. Because the Court finds that the purported preclusive effect of the state court bond validation proceedings could be addressed by consideration of MEAG's motion for judgment on the pleadings, JEA's request is **DENIED WITHOUT PREJUDICE**.

9

motion for judgment on the pleadings could determine whether JEA is precluded from challenging the PPA. If the Court grants MEAG's motion for judgment on the pleadings, only MEAG's counterclaim for breach of contract and JEA's alternative counterclaim for negligent performance in the undertaking would remain. Alternatively, if the Court refused to permit MEAG to file a motion for judgment on the pleadings, the Court would still be required to address the potential preclusive effect of the state court bond validation proceedings after the discovery period in this case. Consequently, a decision on MEAG's motion for judgment on the pleadings could potentially reduce the number of issues remaining in this case.

### III.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendant's Motion to File a Motion for Judgment on the Pleadings Under Federal Rule of Civil Procedure 12(c) [Doc. 171] is **GRANTED**. Defendant shall file its motion for judgment on the pleadings no later than December 27, 2019; Plaintiffs shall file any response thereto no later than January 10, 2020, and Defendant shall file any reply to Plaintiffs' response no later than January 24, 2020.

It is **FURTHER ORDERED** that all discovery in this case is **STAYED** until further order of the Court.

It is **FURTHER ORDERED** that JEA's Motion for Leave to File Motion for Summary Judgment Under Rule 56 [Doc. 189] is **DENIED WITHOUT PREJUDICE**.

It is **FURTHER ORDERED** that, absent consent of all the parties or the Court's permission, no motions for summary judgment shall be filed before the close of discovery.

**IT IS SO ORDERED** this 19th day of December, 2019.

_/s/ Mark H. Cohen_
MARK H. COHEN
United States District Judge