# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CITY OF JACKSONVILLE, FLORIDA, a Florida municipal corporation, and JEA, a body politic and corporate,<br>Plaintiffs,<br>v.<br>MUNICIPAL ELECTRIC AUTHORITY OF GEORGIA, a public body corporate and politic of the State of Georgia,<br>Defendant. | Case No. 1:19-cv-3234-MHC |

## JEA'S MOTION FOR LEAVE TO FILE SUR-REPLY MEMORANDUM IN OPPOSITION TO MEAG'S MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff JEA respectfully requests leave to file a 15-page sur-reply memorandum in opposition to MEAG's Motion for Judgment on the Pleadings (Doc. 206), and shows the Court as follows in support:[1]

---

[1] On December 19, 2019, the Court granted MEAG's Motion for Leave to File Motion for Judgment on the Pleadings. (Doc. 205). MEAG's motion and opening brief with exhibits in support were filed on December 27, 2019. (Doc. 206). JEA and the City of Jacksonville filed responses in opposition on January 10, 2020. (Docs. 210, 211). MEAG filed its reply memorandum in support on January 24, 2020. (Doc. 212).

1. A sur-reply will be helpful and necessary to illustrate to the Court that, contrary to what MEAG continues to misrepresent, the APPA is **not** the security for MEAG's Project J bonds pursuant to the applicable Bond Resolution, which is a complex document requiring the requested pages in order to walk the court through how the definitions of "revenues" serving as security for the bonds at issue contained in the Bond Resolution relate to this case and how Georgia's preclusion provisions are not applicable to a contract (the APPA) that did not serve as security. The importance of this issue is such that careful illumination of the lengthy documents is necessary and will eliminate what appears to be confusion on this issue in the briefs.

2. MEAG has attached for the first time on reply exhibits not previously attached to its motion or opening brief, and which were not part of the state court documents this Court contemplated for purposes of taking judicial notice when the Court granted MEAG leave to file its present motion.² MEAG relies

---

² *See* Doc. 205 at 7 (Order Granting Motion for Leave) ("Because the court may take judicial notice of <u>court documents</u> in state court cases, considering the documents from the state court validation proceedings would also not convert a motion for judgment on the pleadings into a motion for summary judgment.") (emphasis added). MEAG has attached notices purportedly published in the Jacksonville Daily Record, which do not appear to have been included in the state court record based on JEA's investigation and MEAG's own brief, which does not identify them as state court documents. (*See* Doc. 212-1). The declaration submitted

2

#72625843_v1

on these documents to support its reply arguments. JEA is entitled to an opportunity to respond to these new documents, which are not authenticated and do not support the proposition for which MEAG cites them.

3. MEAG mischaracterizes in its reply brief both the security for the Project J Bonds in question <u>and</u> JEA's position regarding same, incorrectly suggesting that JEA has "conceded" a point, which it has not conceded: that the PPA itself forms the security for the Project J Bonds. This distinction is material to the issue of which statute applies, if any, in this case – an issue to which MEAG devotes pages of argument. The Court is entitled to be directed to the specific documents and the provisions thereof which authoritatively define the security for the Project J Bonds so that there is no confusion regarding same and to prevent error. JEA will use its sur-reply to inform the Court accordingly. Furthermore, JEA is entitled to counter the mischaracterization of its arguments in this case.

4. MEAG also mischaracterizes the nature of the relief sought by JEA in arguing that changed circumstances are not relevant to the issues before the Court. JEA is entitled to set the record straight on this topic.

---

in support is not based on personal knowledge of the declarant and fails to authenticate the documents. (*Id.*).

3

5. As the Court is aware, the resolution of MEAG's motion has the potential to define the scope of this case. JEA respectfully submits that the issues are sufficiently weighty to warrant discussion in a sur-reply memorandum. Because the issues are inherently text and statute driven, JEA requests 15 pages to adequately discuss the provisions in question.

WHEREFORE, JEA respectfully requests that the Court grant its Motion and allow JEA leave to file a 15-page sur-reply memorandum in opposition to MEAG's Motion for Judgment on the Pleadings within five days of the Court's order regarding same.

Respectfully submitted this 27th day of January, 2020.

**HOLLAND & KNIGHT LLP**

/s/    *Patrick B. Reagin*
J. Allen Maines
Georgia Bar No. 466575
A. André Hendrick
Georgia Bar No. 774212
Jacquelyn T. Watts
Georgia Bar No. 990785
Patrick B. Reagin
Georgia Bar No. 502117

1180 West Peachtree St., N.W., Suite 1800
Atlanta, GA  30309
Telephone:  (404) 817-8500
Facsimile:   (404) 881-0470
allen.maines@hklaw.com

4

#72625843_v1

andre.hendrick@hklaw.com
jacquelyn.watts@hklaw.com
patrick.reagin@hklaw.com

Lawrence J. Hamilton II (*pro hac vice*)
Fla. Bar No. 335691
Frederick D. Page (*pro hac vice*)
Fla. Bar No. 968587
Michael M. Gropper (*pro hac*)
Fla. Bar No. 105959
larry.hamilton@hklaw.com
fred.page@hklaw.com
michael.gropper@hklaw.com

*Attorneys for Plaintiff JEA*

### L.R. 7.1(D) FONT COMPLIANCE CERTIFICATION

The undersigned counsel for Defendant hereby certifies that the within and foregoing document was prepared using Times New Roman 14-point font in accordance with Local Rule 5.1 of the United States District Court for the Northern District of Georgia.

This 27th day of January, 2020.

**HOLLAND & KNIGHT LLP**

/s/   *Patrick B. Reagin*
Patrick B. Reagin
Georgia Bar No. 502117

## CERTIFICATE OF SERVICE

I hereby certify that on this day I filed the foregoing **JEA'S MOTION FOR LEAVE TO FILE SUR-REPLY MEMORANDUM IN OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS** via the Court's CM/ECF system, which will forward a copy of same to the following parties of record:

Rebecca Woods, Esq.
Seyfarth Shaw LLP
1075 Peachtree Stt, N.E., Suite 2500
Atlanta, GA  30309-3962
rwoods@seyfarth.com

Michael Levinson, Esq.
Seyfarth Shaw LLP
233 South Wacker Dr., Suite 8000
Chicago, IL  60606-6448
mlevinson@seyfarth.com

Alvin Lee, Esq.
Orrick Herrington & Sutcliffe
51 West 52nd Street
New York, NY  10019
alee@orrick.com

J. Peter Coll, Jr., Esq.
Orrick Herrington & Sutcliffe
666 Fifth Avenue
New York, NY  10103-00001
pcoll@orrick.com

Jacob J. Payne, Esq.
Office of General Counsel
117 West Duval St., Suite 480
Jacksonville, FL  32202
jpayne@coj.net

Gregory F. Harley, Esq.
Jennifer Ziemann, Esq.
Burr & Forman, LLP
171 17th Street, N.W., Suite 1100
Atlanta, GA  30363
gharley@burr.com
jziemann@burr.com

Rik S. Tozzi, Esq.
Burr & Forman, LLP
420 North 20th Street
Birmingham, AL  35203
rtozzi@burr.com

Brian D. Boone, Esq.
Alston & Bird, LLP
101 South Tryon Street, Suite 4000
Charlotte, NC  28280
brian.boone@alston.com

Lee Deneen, Esq.
Steven M. Collins, Esq.
Alston & Bird, LLP
1201 W. Peachtree Str., 36th Floor
Atlanta, GA  30309
lee.deneen@alston.com
scollins@alston.com

    This 27th day of January, 2020.

                                        */s/  Patrick B. Reagin*
                                        Patrick B. Reagin
                                        Georgia Bar No. 502117